UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN "SHELBY" COLLYMORE,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>Defendants. | Civil Action No. 22-cv-11742-DJC |

## ORDER

**CASPER, J.**                                                                                                                February 15, 2023

Plaintiff Steven "Shelby" Collymore ("Collymore"), an inmate confined at the Suffolk County Jail, brings this action for sexual harassment against the Commonwealth of Massachusetts and correction officer Sergeant Darymple. For the reasons stated below, the Court will dismiss this action without prejudice.

When a prisoner files a complaint against a governmental entity or an officer or employee of a governmental entity, the Court must conduct a preliminary review of the complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Here, Collymore has failed to state a claim upon which relief may be granted. Collymore's claim of sexual harassment arises from an inappropriate comment allegedly made by Darymple. Collymore alleges that, after she requested access to a bathroom, Darymple sexually harassed her,

1

a transgender woman, by stating, "He sits down anyways when he takes a piss," after which three other correction officers "burst out in laughter." D. 1-1 at 3.

Collymore asserts that Darymple's alleged conduct violated her rights under the Prison Rape Elimination Act ("PREA").  Id.  PREA was enacted by Congress as part of an effort to reduce the occurrence of rape in prison by developing and implementing national standards and regulating federal funding in an effort to combat prison rape.  See 34 U.S.C. §§ 30301-30309.  PREA, however, does not create a private cause of action or a federal right enforceable in a § 1983 action.  See Johnson v. Garrison, 859 Fed. App'x 863, 863-64 (10th Cir. 2021) (mem.); Krieg v. Steele, 599 Fed. App'x 231, 232 (5th Cir. 2015); Chao v. Ballista, 772 F. Supp. 2d 337, 341 n.2 (D. Mass. 2011) (citing cases).

Further, "[t]he use of [sexually][1] derogatory language, while unprofessional and deplorable, does not violate the Constitution."  DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), abrogated on other grounds by Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020).  "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."  Id.

Because Collymore's complaint fails to state a claim upon which relief may be granted, the Court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915A.  No filing fee shall be assessed.

**SO ORDERED.**

    /s Denise J. Casper
    Denise J. Casper
    United States District Judge

---

[1] The Court has substituted "sexually" for "racially."